UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **HMI Industries, Inc,.** | ) | **CASE NO. 1:10 CV 1994** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **FVS, Inc., et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendants.** | ) | |

### INTRODUCTION

This matter is before the Court upon Plaintiff/Counterclaim-Defendant HMI Industries Inc.'s Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1) (Doc. 18). This is an unfair competition dispute. For the following reasons, plaintiff's motion is GRANTED.

### FACTS

Only the facts relevant to plaintiff's motion are set forth. Plaintiff, HMI Industries Inc. (also doing business as Health-Mor, Inc.), a Delaware corporation with its principal place of business in Ohio, brings this action against defendant, FVS, Inc., an Iowa corporation with its

1

principal place of business in Ohio, alleging that defendant is engaging in unfair trade practices under the Lanham Act, the Ohio deceptive trade practices statute, and common law. Defendant brings counterclaims against plaintiff, alleging that plaintiff's warranty violates the Magnuson-Moss Warranty Act (hereinafter "MMWA") and that plaintiff has engaged in unfair competition.

Plaintiff manufactures and sells household vacuum cleaners and air cleaners under the trademark "FILTERQUEEN" (hereinafter "FQ"). The vacuum cleaner is referred to as the "Majestic" and the air cleaner is referred to as the "Defender." These products are marketed to consumers primarily through in-home presentations by independent authorized FQ distributors. Plaintiff also markets FQ supplies and parts, including Defender filter cartridges and Majestic filter cones, directly to consumers who have purchased FQ products from independent distributors, most commonly in areas where no authorized FQ distributors are conducting business.

Plaintiff provides a written warranty on the Majestic. The warranty, designated as "Warranty," states in part:

> This warranty is null and void and of no effect unless all of the following conditions are met: (1) the Majestic was purchased from an authorized Distributor or Health-Mor; (2) the manufacturer's serial number for the Majestic has not been changed, defaced, or removed; (3) [t]he Majestic has been used at all times in accordance with the instruction manual and has not been subject to abuse; (4) only genuine FILTERQUEEN filters and/or parts have been used with the Majestic.

Defendant alleges that genuine FQ filters and parts are not supplied by plaintiff under the warranty but must be purchased by the Majestic owner. The warranty also provides:

> Health-Mor warranties the Majestic Home Cleaning System canister main unit and motor to be free of defects in material and workmanship for two years from the date of purchase. . . . There is

>    no other express warranty applicable to your Majestic.  Implied
>    warranties, including warranties or [sic] merchantability and
>    fitness for a particular purpose, are limited in duration to the period
>    of the time during which the express warranty given herein is in
>    effect.  All consequential or other damages resulting from breach
>    of this warranty are excluded from coverage under this warranty.

Defendant alleges that the FQ salesperson commonly extends the warranty from two years to five years at the time of sale, with plaintiff's knowledge and consent.

Defendant was an authorized FQ distributor for approximately 25 years, until plaintiff terminated defendant's distributorship in 2009.  During that time, defendant alleges that it sold thousands of Majestics and/or Defenders to consumers and provided expert authorized service to FQ owners.  Defendant continues to sell FQ brand parts and supplies to FQ owners, including Defender filter cartridges and Majestic filter cones.  Defendant obtains these readily-available parts and supplies from parts houses to which plaintiff sells the parts and supplies.  Defendant also sells replacement parts and supplies that are not FQ brand but which defendant alleges are of comparable quality, including a filter for the Defender.  These replacement parts and supplies cost the consumer less than the FQ brand parts and supplies.

Defendant also arranges for the manufacture and sale of household vacuum cleaners and air cleaners under the Filtropur trademark, which it owns.  Filtropur products are marketed primarily by in-home presentations by independent authorized Filtropur distributors, who are defendant's customers.  Defendant also has some independent contractors who market Filtropur products to consumers through in-home presentations.

Defendant alleges that plaintiff directly competes with it in two ways:  through the manufacture and sale of household vacuum cleaners and air cleaners marketed through in-home presentations, and through the direct sale of FQ parts and supplies directly to FQ owners.

Defendant further alleges that plaintiff is losing the competitive battle and that plaintiff's unit sales, revenues, and distributor base have been steadily declining for years. Finally, defendant alleges that it is plaintiff's inability to compete with defendant's products, which are superior to plaintiff's products, that has caused plaintiff to resort to unfair competitive practices.

The counterclaim contains three claims for relief. Count one is a claim for declaratory and injunctive relief for violations of the MMWA. Defendant alleges that plaintiff's warranty violates the MWWA in the following ways: the warranty is conditioned on the consumer using genuine FQ parts in violation of 15 U.S.C. § 2303(c) and 16 CFR § 700.10(c); the warranty purports to limit implied warranties and to exclude all consequential or other damages, but does not contain the statements "some states do not allow limitation on how long an implied warranty lasts, so the above limitation may not apply to you" and "some states do not allow the exclusion or limitation of consequential damages, so the above limitation or exclusion may not apply to you" in violation of 16 CFR §§ 701.3(a)(7) & (a)(8); and the warranty does not meet the federal minimum standards for a full warranty but is not designated as a limited warranty in violation of 15 U.S.C. § 2303(a) and 16 CFR § 700.6(a). Count two is a claim for a declaratory judgment that defendant's replacement filter for the Defender qualifies as a replacement consumer product under the MMWA. Count three is a claim for unfair competition.

Plaintiff now moves to dismiss counts one and two. Defendant opposes the motion.

**STANDARD OF REVIEW**

Plaintiff moves to dismiss counts one and two under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Because the Court finds that it does not have jurisdiction over defendant's counterclaims, the Court does not reach the parties' arguments relating to Fed. R. Civ. P.

12(b)(6).

When a court's subject matter jurisdiction is challenged under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the party seeking to invoke jurisdiction bears the burden of proof. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986). A 12(b)(1) motion to dismiss may constitute either a facial attack or a factual attack. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). Facial attacks question the sufficiency of the jurisdictional allegations in the complaint. *Id*. Thus, those allegations must be taken as true and construed in the light most favorable to the nonmoving party. *Id*. Factual attacks, however, challenge the actual fact of the court's jurisdiction. *Id*. In such cases, the court is free to weigh any evidence properly before it to satisfy itself as to the existence of its power to hear the case. *Id. See also Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).

**ANALYSIS**

Plaintiff argues that counts one and two of the counterclaim should be dismissed under Fed. R. Civ. P. 12(b)(1) because the counts merely seek advisory opinions and because defendant does not allege that it has been damaged in the amount at least $50,000. In support, plaintiff argues that a federal court's subject matter jurisdiction is limited to actual cases or controversies before it, and thus a court should only issue a declaratory judgment if that judgment resolves an actual case or controversy. An actual case or controversy involving the MMWA, plaintiff argues, would involve a consumer's claim that a defendant breached its product warranty and a breach of the statute, but defendant in this case is not a consumer. Thus, plaintiff argues, defendant merely seeks the Court's advisory opinion that plaintiff's warranty

5

violates the MMWA requirements and that its own filter is a replacement part as that term is defined under the MMWA. Even if defendant was a consumer, plaintiff argues, defendant has not pled the requisite jurisdictional amount of $50,000 in damages required by the statute.

Defendant responds that count one is not a claim for breach of warranty and it does not arise under the MWWA; instead, it is a claim for a declaratory judgment and ancillary injunctive relief "for which subject matter jurisdiction exists under 28 U.S.C. §§ 2201 and 2202." Defendant argues that it has standing to assert this claim because it is a direct competitor of plaintiff, and that the facts pled in the counterclaim show that defendant has been injured by plaintiff's unlawful warranty. Defendant explains that it is not alleging a violation by plaintiff of its warranty, but a violation of the statute. Further, defendant argues that count two is based on actual facts and an existing controversy as to whether defendant's replacement filter cartridge is reasonably equivalent to a genuine Defender filter cartridge under the MWWA. Finally, defendant argues the Court should grant it leave to amend its pleadings if the Court dismisses its first and second counterclaims.

Plaintiff replies that defendant does not have standing to assert the declaratory judgment claims. Plaintiff argues that the MMWA is a consumer protection statute with a clear zone of interests involving the rights of consumers of warranted products and the enforcement of rights under written product warranties, and that defendant is not within the zone of interests and thus cannot satisfy prudential standing requirements. Plaintiff also argues that defendant is asking the Court to judicially create another group of plaintiffs having standing to seek declarations under the MMWA that can be used to substantiate alleged unfair competition claims pursuant to different federal and state statutes. Plaintiff further argues that the Court does not have subject

matter jurisdiction over the declaratory judgment claims, because the Declaratory Judgment Act does not create an independent basis for jurisdiction.  Finally, plaintiff argues that defendant's counterclaims should be dismissed because they merely seek advisory opinions and do not involve actual cases or controversies under the MMWA.

Upon review, the Court finds that it does not have subject matter jurisdiction over defendant's declaratory judgment claims.  The Declaratory Judgment Act states as follows:

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.  Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. 2201(a).  The Declaratory Judgment Act does not create an independent basis for federal subject matter jurisdiction; it only provides courts with discretion to fashion a remedy. *Heydon v. MediaOne of Southeast Michigan, Inc.,* 327 F.3d 466, 471 (6th Cir. 2003).  Before invoking the Act, a court must already have jurisdiction.  *Id.*

The MMWA is a consumer protection statute.  Under the MMWA, a consumer is:

> [A] buyer (other than for purposes of resale) of any consumer product, any person to whom such product is transferred during the duration of an implied or written warranty (or service contract) applicable to the product, and any other person who is entitled by the terms of such warranty (or service contract) or under applicable State law to enforce against the warrantor (or service contractor) the obligations of the warranty (or service contract).

15 U.S.C. § 2301(3).  A consumer "who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this title, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable

7

relief" in state court, or in the United States District Courts if the claim meets specific requirements. 15 U.S.C. § 2310(d)(1). Additionally, the statute provides that the United States District Courts have jurisdiction over the following suits brought by the Attorney General or the Federal Trade Commission:

> [T]o restrain (A) any warrantor from making a deceptive warranty with respect to a consumer product, or (B) any person from failing to comply with any requirement imposed on such person by or pursuant to this title or from violating any prohibition contained in this title.

The MMWA does not confer jurisdiction on the United States District Courts to hear claims under MMWA brought by anyone other than consumers, the Attorney General, or the FTC. Accordingly, as defendant is not a consumer, defendant may not bring a declaratory judgment action against plaintiff relying on the provisions of the MMWA.

Defendant cites no law holding that the Court has jurisdiction over these claims, and indeed cites no law involving the MMWA at all. The cases defendant cites in support of "competitor standing" to bring such an action are inapposite. For the most part, the cases arise under the Lanham Act.[1] The Lanham Act provides, in part, that any person who violates certain provisions "shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act." 15 U.S.C. § 1125(a). The Lanham Act does not contain the

---

[1] The following cases cited by defendant involve provisions of the Lanham Act: *Black Hills Jewelry Mfg. Co. v. Gold Rush, Inc.,* 633 F.2d 746 (8th Cir. 1980); *Pernod Ricard USA LLC v. Bacardi U.S.A., Inc.,* 505 F. Supp. 2d 245 (D. Del. 2007); *Outdoor Optics, Inc. v. Wolf Peak Int'l, Inc.,* No. 1:02-CV-160 TS, 2003 U.S. Dist. LEXIS 25425 (D. Utah, Dec. 23, 2003); *Kal Kan Foods, Inc. v. Iams Co.,* 197 F. Supp. 2d 1061 (S.D. Ohio 2002); *Construction Technology v. Lockformer Co.,* 704 F. Supp. 1212 (S.D.N.Y. 1989) (involving the Lanham Act and a state statute that provides a private right of action to *any person* who has been injured by reason of a violation of the statute); and *Burndy Corp. v. Teledyne Industries, Inc.,* 584 F. Supp. 656 (D. Conn. 1984).

same restrictions on the types of cases that the United States District Courts may hear as the MMWA, and the United States District Courts thus have jurisdiction over suits under the Lanham Act where one competitor sues another, provided the plaintiff can show it has standing. *See, e.g., Pernod Ricard USA LLC v. Bacardi U.S.A., Inc.,* 505 F. Supp. 2d 245, 251-54 (D. Del. 2007). In this case, however, the Court need not even reach the issue of defendant's standing to bring the claims because the Court does not have jurisdiction over the claims. Accordingly, plaintiff's motion is granted.

## **CONCLUSION**

For the foregoing reasons, Plaintiff/Counterclaim-Defendant HMI Industries Inc.'s Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1) is GRANTED.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 2/18/11